# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| STEVEN LARSON and DEBRA LARSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 2022-0052 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| DR. WALTER PEDERSEN, and ) | |
| VIRGIN ISLANDS HOSPITALS AND ) | |
| HEALTH FACILITIES CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Attorneys:**
**Ronald E. Russell, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiffs*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
**Kimberly L. Cole, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant United States of America*

**Sheena Conway, Esq.,**
St. Thomas, U.S.V.I.
*For Defendants Walter Pedersen and Virgin Islands Hospitals & Health Facilities Corporation*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on "Plaintiffs' Motion for Remand" (Dkt. No. 3) filed by Plaintiffs Steven Larson and Debra Larson (collectively "Plaintiffs"), and Defendant United States of America's ("the Government") "Opposition to Motion for Remand" (Dkt. No. 4). For the reasons that follow, the Court will deny Plaintiffs' Motion for Remand.

## I.     BACKGROUND

On July 2, 2022, Plaintiffs filed this action in the Superior Court of the Virgin Islands, Division of St. Croix, against Dr. Walter Pedersen, Frederiksted Health Care, Inc. ("FHC"), and Virgin Islands Hospitals and Health Facilities Corporation. (Dkt. No. 1-2). Plaintiffs allege that after undergoing back surgery, Plaintiff Steven Larson ("Larson") experienced numbness in his leg such that when he later punctured his foot on a sharp object, he did not feel the puncture. *Id*. at ¶¶ 13-16. Larson's foot became infected and upon learning of the infection, he visited FHC multiple times, where his wound was cleaned and he was provided with antibiotics. *Id*. at ¶¶ 17-20. When the wound did not heal, Larson sought treatment for his foot at the Juan F. Luis Hospital, whose parent company is alleged to be Defendant Virgin Islands Hospitals and Health Facilities Corporation. *Id*. at ¶¶ 7, 21-23. Medical impressions indicated that gangrene had set into Larson's wound, resulting in Defendant Dr. Walter Pedersen—the attending physician at Juan F. Luis Hospital—prescribing antibiotics and performing surgery to amputate Larson's toe. *Id*. at ¶¶ 22-26. Plaintiffs allege that Defendants FHC, Pedersen, and Virgin Islands Hospitals and Health Facilities Corporation were negligent in providing care to Larson and have filed the instant claim for medical malpractice. *Id*. at ¶¶ 30-41.

On October 7, 2022, this action was removed to the District Court, based upon a certification that FHC is "deemed to be a Public Health Service entity pursuant to 42 U.S.C. § 233(c) for purposes of the Federal Tort Claims Act, 28 U.S.C. 2671 *et seq*." (Dkt. No. 1). Attached to the Government's Notice of Removal is a Declaration of Leslie Page-Taylor (Dkt. No. 1-4), who explains that the Secretary of Health and Human Services has delegated the authority to deem entities as Public Health Service employees to the Associate Administrator of the Health Resources and Services Administration ("HRSA"). *Id*. at 2. An exhibit to the

Declaration is a letter from the Deputy Associate Administrator at the HRSA, certifying that FHC is deemed an employee of the Public Health Service for purposes of 42 U.S.C. § 233(g).[1] (Dkt. Nos. 1-4 at 2, 37-1 at 1-2). Also on October 7, 2022, the United States filed a "Notice of Substitution" (Dkt. No. 2), stating that because FHC is a Public Health Service entity pursuant to 42 U.S.C. § 233, the instant action is an action against the United States and the United States is substituted as the defendant in place of FHC. *Id*. at 1.

On November 12, 2022, Plaintiffs filed a Motion for Remand (Dkt. No. 3), asserting that the Virgin Islands Superior Court has jurisdiction over their claims and is the best forum for the action because the claims are based on local law, the parties are Virgin Islands residents, and the incidents occurred in the Virgin Islands. *Id*. at 1. Plaintiffs also argue that removal is inappropriate "if the case does not fall within the district court's original federal question jurisdiction and the parties are not diverse." *Id*. The United States filed an Opposition stating that because FHC has been deemed to be a Public Health Service entity pursuant to the Public Health Service Act ("PHSA"), Plaintiffs' medical malpractice claim is a tort action against the United States and is properly removable to the District Court. (Dkt. No. 4 at 1-2). Attached to the Opposition is a Certification of Scope of Employment by the U.S. Attorney for the District of the Virgin Islands, certifying that Kamaria Alexander, PA-C and Larissa Leffingwell, PA were employees of FHC and acting within the scope of their employment with FHC during the period in which the instant claims arose. (Dkt. No. 4-1 at 1).

---

[1] The Government inadvertently omitted the HRSA letter certifying FHC as an employee of the Public Health Service from the attachments to its Notice of Removal (Dkt. No. 1) and later filed it under Docket Number 37.

## II. DISCUSSION

A defendant in a civil action may remove the case from state to federal court if the federal court would have had jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). The strict construction of removal statutes honors Congress' power to determine the contours of the federal court's limited subject matter jurisdiction. *Bowles v. Russell*, 551 U.S. 205, 212-13 (2007).

The PHSA provides authority to the Secretary of Health and Human Services to deem certain health centers and their employees to be employees of the Public Health Service and thereby entities of the United States for the purpose of suit. 42 U.S.C. § 233(g); *see also Roman v. United States*, No. 11-1156, 2013 U.S. Dist. LEXIS 172169, at *11 (E.D. Pa. Dec. 5, 2013) ("the Secretary of Health and Human Services may deem certain health centers and their employees to be employees of the Public Health Service.") (citing 42 U.S.C. § 233(g)). The PHSA further provides that upon certification by the Secretary of Health and Human Services that an individual was acting within the scope of employment of the Public Health Service at the time of the incident out of which a suit arises, the Attorney General shall remove the civil action to the district court and the action shall proceed as a tort action against the United States. 42 U.S.C. § 233(c), (g)(1)(A).

Absent a specific legislative waiver of sovereign immunity, courts lack subject matter jurisdiction over claims against the United States, its agencies, and federal officials acting in their official capacities. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA, 28 U.S.C. §§ 2671, *et seq*, constitutes an express waiver of the sovereign immunity of the United

4

States and exposes its agencies to potential liability for private actions sounding in tort. *See Pascale v. United States*, 998 F.2d 186, 189 (3d Cir. 1993). The FTCA allows suit against the federal government for the negligent acts of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also Pascale*, 998 F.2d at 187 ("The [FTCA], enacted in 1946, permits the government to be sued for the negligence of its employees under the same circumstances and to the same extent as a private party."). The PHSA provides that "an action against the United States under the FTCA is the exclusive remedy for persons alleging 'personal injury, including death, resulting from the performance of medical . . . or related functions' by Public Health Service employees acting within the scope of their employment." *Lomando v. United States*, 667 F.3d 363, 371-72 (3d Cir. 2011) (quoting 42 U.S.C. § 233(a)).

Plaintiffs raise claims for tortious conduct against Defendants based on allegations that they committed medical malpractice that resulted in the amputation of Larson's toe. The Government has responded through filings with the Court showing that: (1) the Secretary of Health and Human Services certified pursuant to 42 U.S.C. § 233(g)(1)(A) that FHC is an entity of the Public Health Service (Dkt. Nos. 1-4, 37-1); (2) the U.S. Attorney for the District of the Virgin Islands certified that Kamaria Alexander, PA-C and Larissa Leffingwell, PA were employees of FHC and acting within the scope of their employment with FHC during the period in which the instant claims arose (Dkt. No. 4-1 at 1); (3) the case has been removed to the District Court (Dkt. No. 1); and (4) FHC has been substituted for the United States (Dkt. No. 2). Accordingly, Plaintiffs' claims against the United States must proceed pursuant to the FTCA and this Court has exclusive jurisdiction over the action. *See Ellington v. Vance*, Civil Action No. 20-

1100, 2021 U.S. Dist. LEXIS 43268, at *5 (D. Del. Mar. 8, 2021) ("Once the certification of scope of employment is filed and the removal is effected, the U.S. District Court has exclusive jurisdiction over the case under the FTCA . . . and remand is unavailable."); *see also Pellegrino v. United States Transp. Sec. Admin.*, 855 F. Supp. 2d 343, 359 (E.D. Pa. 2012) ("The FTCA provides the exclusive remedy for tortious conduct of federal employees acting in the course of their employment"); *Krandle v. Refuah Health Ctr., Inc*, No. 22-CV-4977, 2023 U.S. Dist. LEXIS 53228, at *10 (S.D.N.Y. Mar. 28, 2023) ("Once such a case is removed [pursuant to 42 U.S.C. § 233(a)], the United States can replace the named defendant as the allegedly liable party—and the case proceeds as an FTCA suit."). Further, while Plaintiffs note that "[r]emoval is not appropriate if the case does not fall within the district court's original federal question jurisdiction and the parties are not diverse" (Dkt. No. 3 at 1), this Court has original jurisdiction over Plaintiffs' FTCA claims. *See* 28 U.S.C. § 1346(a) (vesting original jurisdiction over FTCA claims in federal district courts); *see also Roman v. Lancaster Gen. Hosp.*, No. 10-1437, 2010 U.S. Dist. LEXIS 77325, at *5 (E.D. Pa. July 29, 2010) ("The federal district courts possess original jurisdiction over claims under the FTCA.").

The fact that Plaintiffs also raise claims against Defendants Pedersen and the Virgin Islands Hospitals and Health Facilities Corporation—non-United States parties—does not alter this conclusion, as the Court may exercise supplemental jurisdiction over these claims, as they arise from the same facts and circumstances as the claims against the United States. *See Clayton v. United States*, 913 F. Supp. 2d 80, 83 (D.N.J. 2012) (finding that because the court had original jurisdiction over plaintiff's claims pursuant to the FTCA, the court also had "supplemental jurisdiction over the remaining Defendants and claims pursuant to 28 U.S.C. § 1367(a) since the remaining claims are so related to the claims against the United States.");

*Estate of Smith v. Riley*, No. 14-7247, 2015 U.S. Dist. LEXIS 100213, at *15-16 (D.N.J. July 31, 2015) (retaining supplemental jurisdiction over claims against non-government parties in the interest of judicial economy because plaintiff was already litigating claims under the same set of facts against the United States under the FTCA); *Young v. Temple Univ. Hosp.*, No. 19-1174, 2019 U.S. Dist. LEXIS 186711, at *35 (E.D. Pa. Oct. 28, 2019) (exercising supplemental jurisdiction over plaintiff's claims against non-government defendants "because they are part of the same case or controversy and derive from a common set of facts" as claims against the government under the FTCA). Thus, contrary to Plaintiffs' contention, this Court is not divested of jurisdiction because the claims are based on local law, the parties are Virgin Islands residents, and the incidents occurred in the Virgin Islands. *See* Dkt. No. 3 at 1.

In view of the foregoing, Plaintiffs' Motion for Remand will be denied.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that "Plaintiffs' Motion for Remand" (Dkt. No. 3) is **DENIED**.

**SO ORDERED**.

Date: May 9, 2023                                         _____/s/_____
                                                                                    WILMA A. LEWIS
                                                                                    District Judge