## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **STEVEN LARSON and DEBRA LARSON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2022-0052** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **DR. WALTER PEDERSEN, and** | ) | |
| **VIRGIN ISLANDS HOSPITALS AND** | ) | |
| **HEALTH FACILITIES CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ——————————————————— | ) | |

**Attorneys:**
**Ronald E. Russell, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiffs*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
**Kimberly L. Cole, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant United States of America*

**Sheena Conway, Esq.,**
St. Thomas, U.S.V.I.
*For Defendants Dr. Walter Pedersen and Virgin*
*Islands Hospitals & Health Facilities Corporation*

## <u>MEMORANDUM OPINION</u>

THIS MATTER comes before the Court on "Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction" (Dkt. No. 23), filed by Defendants Virgin Islands Hospitals and Health Facilities Corporation and Dr. Walter Pedersen (collectively, "Local Defendants"); the "Opposition to Defendant VIGHHFC's Motion to Dismiss" (Dkt. No. 29), filed by Plaintiffs Steven Larson and Debra Larson (collectively, "Plaintiffs"); and "Defendants' Reply to Plaintiffs'

Opposition to Motion to Dismiss" (Dkt. No. 30). For the reasons that follow, the Court will grant Local Defendants' Motion to Dismiss.

## I.      BACKGROUND

On July 2, 2022, Plaintiffs filed this action in the Superior Court of the Virgin Islands, Division of St. Croix, against Dr. Walter Pedersen ("Pedersen"), Frederiksted Health Care, Inc. ("FHC"), and Virgin Islands Hospitals and Health Facilities Corporation ("VIHHFC"). (Dkt. No. 1-2). Plaintiffs allege that after undergoing back surgery, Plaintiff Steven Larson ("Larson") experienced numbness in his leg such that when he later punctured his foot on a sharp object, he did not feel the puncture. *Id*. at ¶¶ 13-16. Larson's foot became infected and upon learning of the infection, he visited FHC multiple times, where his wound was cleaned and he was provided with antibiotics. *Id*. at ¶¶ 17-20. When the wound did not heal, Larson sought treatment for his foot at the Juan F. Luis Hospital, the parent company of which is alleged to be Defendant Virgin Islands Hospitals and Health Facilities Corporation. *Id*. at ¶¶ 7, 21-23. On September 10, 2020, medical impressions indicated that gangrene had set into Larson's wound, resulting in Defendant Pedersen—the attending physician at Juan F. Luis Hospital—prescribing antibiotics and on September 16, 2020, performing surgery to amputate Larson's toe. *Id*. at ¶¶ 22-26. Plaintiffs further allege that Defendants FHC, Pedersen, and VIHHFC were negligent in providing care to Larson, and they have filed the instant claim for medical malpractice. *Id*. at ¶¶ 30-41.

On October 7, 2022, this action was removed to the District Court, based upon a certification filed by the United States that FHC is "deemed to be a Public Health Service entity pursuant to 42 U.S.C. § 233(c) for purposes of the Federal Tort Claims Act, 28 U.S.C. 2671 *et seq*." (Dkt. No. 1). Also on October 7, 2022, the United States filed a "Notice of Substitution" (Dkt. No. 2), stating that because FHC is a Public Health Service entity pursuant to 42 U.S.C.

§ 233, the instant action is an action against the United States and the United States is substituted as the defendant in place of FHC. *Id*. at 1. On November 12, 2022, Plaintiffs filed a Motion for Remand (Dkt. No. 3), which the Court denied based on its finding that the Court has original and exclusive jurisdiction over Plaintiffs' claims. (Dkt. No. 38 at 5-6).

On February 3, 2023, Local Defendants VIHHFC and Pedersen filed a Motion to Dismiss (Dkt. No. 23) pursuant to Fed. R. Civ. P. 12(b)(1), asserting that this Court lacks subject-matter jurisdiction because Plaintiffs have failed to comply with the requirements set forth in the Virgin Islands Health Care Provider Malpractice Act ("Medical Malpractice Act" or "MMA") and the Virgin Islands Tort Claims Act ("VITCA"). Local Defendants argue that the MMA requires Plaintiffs to file a proposed complaint with the Virgin Islands Office of the Commissioner of Health before filing a lawsuit, which Plaintiffs did not do. *Id*. at 3-4. Local Defendants maintain that absent such a filing, the Court lacks subject matter jurisdiction over the claims against them. *Id*. at 3-4. Local Defendants additionally argue that the VITCA requires Plaintiffs to either file their lawsuit within ninety days of the accrual of their claims or, in the alternative, to file a notice of intention to file a claim within the same time period with the Governor and the Attorney General of the Virgin Islands. *Id*. at 4-5. Local Defendants maintain that Plaintiffs have not met either of these requirements and thus their claims against them must be dismissed for noncompliance with the VITCA. *Id*.

Plaintiffs argue in their Opposition to the Motion that they met the requirements of the MMA and VITCA because they served notices of intent by mail to the Governor, Attorney General, and Commissioner of Health of the Virgin Islands. (Dkt. No. 29 at 1-2). Plaintiffs attach to their Opposition "Notice[s] of Intention to File Claim" signed by Plaintiff Steven Larson and

counsel for Plaintiffs, along with two certified mail receipts, and one return receipt. (Dkt. Nos. 29-1, 29-2).

In their Reply, Local Defendants argue that Plaintiffs' mailing of the notices of intention does not satisfy the requirements of the VITCA because the documents must be filed with—not mailed to—the Office of the Governor within the requisite time period. (Dkt. No. 30 at 2-3). Moreover, Local Defendants argue that Plaintiffs have made no assertions or offered any proof that they filed a proposed complaint pursuant to the MMA. *Id*. at 3. Finally, Local Defendants request that the Court dismiss Plaintiff Debra Larson as a claimant because she has failed to state any claims against them and has not met the statutory pre-filing procedures to confer subject matter jurisdiction over her claims. *Id*. at 4.

## II.    DISCUSSION

### A. Medical Malpractice Act

Under the Virgin Islands Health Care Providers Malpractice Act, a plaintiff must file a proposed complaint with the Medical Malpractice Action Review Committee ("Committee") before bringing a medical malpractice action against any health care provider. V.I. Code Ann. tit. 27, § 166i. The Committee arranges for expert review of all malpractice claims before the claims are commenced in court. *Id*. The prospective plaintiff must wait for the Committee to review the claim and for a reviewing expert to issue an opinion before filing the claim in court. *Id*. at § 166i(d). However, "if [the expert] opinion is not received by the Committee within ninety days from the date the complaint was filed with the Committee, the claimant may commence his action against the health care provider in court." *Id*. at § 166i(b). "The proposed complaint shall be deemed filed [with the Committee] when a copy is delivered or mailed by registered or certified mail to the Commissioner of Health . . . ." *Id*. at § 166i(c).

"[T]he requirements of section 166i are non-waivable jurisdictional conditions that must be satisfied in order to vest the Superior Court with subject matter jurisdiction to hear an individual's medical malpractice claims." *Brady v. Cintron*, 55 V.I. 802, 820 (V.I. 2011); *Abdallah v. Callender*, 1 F.3d 141, 144 (3d Cir. 1993) (holding that the MMA's pre-filing requirements are mandatory jurisdictional prerequisites). A plaintiff must allege specific facts demonstrating that the jurisdictional prerequisites of the MMA are met—a conclusory statement that the plaintiff has met the prerequisites is insufficient. *Smith v. V.I. Gov't Hosp. & Health Facilities Corp.*, 76 V.I. 260, 267 (V.I. Super. Ct. 2022) ("a single conclusory allegation that Plaintiff has complied with all the pre-filing jurisdictional requirements of the VIMMA will not suffice."); *Yuxiang Peng v. Williams*, 67 V.I. 482, 484 (V.I. Super. Ct. 2017) ("Plaintiff simply asserted a single conclusory allegation in her proposed amended complaint that she has 'complied with all jurisdictional prerequisites of the [Virgin Islands] Medical Malpractice Act and the Virgin Islands Tort Claims Act.' This unsupported assertion is not entitled to the presumption of truthfulness.") (internal citation omitted).

The applicable standard of review under Rule 12(b)(1) differs depending on whether the moving party has made a facial attack or a factual attack on the court's power to hear the case. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court" based on a jurisdictional defect. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Under a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (citing *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)).

By contrast, "a factual challenge is made . . . when a defendant disputes the existence of certain jurisdictional facts alleged by plaintiffs." *James-St. Jules v. Thompson*, No. SX-09-CV-136, 2015 V.I. LEXIS 74, at *7-8 (V.I. Super. Ct. June 25, 2015). In this circumstance, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). Further, "no presumptive truthfulness attaches to plaintiff's allegations … [and] the burden of proving the existence of subject matter jurisdiction lies with the plaintiff." *Id.*; *Garland v. US Airways Inc*, 270 F. App'x 99, 101 (3d Cir. 2008) ("In considering the dismissal for lack of subject matter jurisdiction, . . . the plaintiff bears the burden of persuading the court that it has jurisdiction."); *Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction in order to defeat a motion under Rule 12(b)(1).").

In assessing a factual challenge, the Court may consider information outside of the complaint without converting the motion to dismiss to a motion for summary judgment. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."); *CBI Acquisitions, LLC v. Morrisette*, No. 2014-cv-49, 2016 U.S. Dist. LEXIS 134440, at *5 (D.V.I. Sep. 29, 2016) ("Where a motion to dismiss factually challenges the district court's jurisdiction, the court is not confined to the allegations in the complaint, but can consider other evidence, such as affidavits, depositions, and testimony, to resolve factual issues related to jurisdiction."); *Ziegler v. Anesthesia Assocs. of Lancaster, Ltd.*, No. 00-4803, 2002 U.S. Dist. LEXIS 4031, at *3-4 (E.D. Pa. Mar. 12, 2002) ("When the factual basis of its jurisdiction is

challenged, a court may look beyond the assertions in a plaintiff's complaint to extrinsic evidence without converting the proceeding to one for summary judgment.").

Here, Local Defendants assert a facial challenge when they argue that "the Complaint references compliance with the Act as a single conclusory allegation." (Dkt. No. 23 at 4). Indeed, the Complaint merely states that "Plaintiffs complied with all requirements of V.I. Code Ann., Tit. 27, §§166 (a-m)" without alleging specific facts demonstrating that the jurisdictional prerequisites of the MMA are met. (Dkt. No. 1-2 at ¶ 12). This unsupported allegation is insufficient to overcome Local Defendants' facial challenge. *See James-St. Jules v. Thompson*, 2015 V.I. LEXIS 74, at *12-13 (V.I. Super. Ct. June 25, 2015) (finding that plaintiff's conclusory allegation of compliance was not entitled to the presumption of truthfulness and explaining that "[i]n order to plead a plausible claim under the [MMA], [the plaintiff] was required to plead facts demonstrating the date she timely filed a proposed complaint with the Committee, the date the Committee forwarded her proposed complaint to any experts for review, or the date when the experts rendered an opinion . . . ."); *see also Smith v. V.I. Gov't Hosp. & Health Facilities Corp.*, 76 V.I. 260, 267 (V.I. Super. Ct. 2022) (finding that plaintiff did not comply with all the pre-filing jurisdictional requirements of the MMA because "a single conclusory allegation that Plaintiff has complied with all the pre-filing jurisdictional requirements of the VIMMA will not suffice."); *Yuxiang Peng v. Williams*, 67 V.I. 482, 484 (V.I. Super. Ct. 2017) (same).

Local Defendants additionally assert a factual challenge by arguing that Plaintiffs' claim that they have met the requirements of the MMA "is a false statement." (Dkt. No. 23 at 4). The Court may therefore consider information outside of the Complaint, including the factual assertions in Plaintiffs' Opposition and the attachments thereto to determine whether Plaintiffs' claim is true. Indeed, even independent of Local Defendants' factual challenge, the Virgin Islands

Supreme Court has found that a conclusory allegation of compliance with the MMA that is deemed insufficient for jurisdictional purposes can be overcome by evidence of jurisdiction in the record. *Daley-Jeffers v. Graham*, 69 V.I. 931, 939 (V.I. 2018) (finding that there was sufficient evidence in the record to demonstrate that the Superior Court had jurisdiction over plaintiff's MMA claims notwithstanding the deficient allegations in the complaint").

In their Opposition, Plaintiffs state that before filing the Complaint, they "served Notices of Intent on the Attorney General, the Governor, and the Commissioner of Health." (Dkt. No. 29 at 1). Attached to the Opposition are the notices of Plaintiff's intention to file a claim, along with two certified mail receipts, and one return receipt. (Dkt. Nos. 29-1, 29-2). Plaintiffs note that they filed the Complaint after the requisite ninety-day period for the Medical Malpractice Action Review Committee to provide an expert opinion on the claim had expired. *Id*. at 2.

Plaintiffs improperly conflate the requirements of the MMA with those of the VITCA. *See infra* II.B. The MMA required Plaintiffs to file a proposed complaint—not a notice of intent to file a claim—with the Committee prior to the filing of the instant Complaint. Except for their conclusory allegation that they complied with the MMA (Dkt. No. 1-2 at ¶ 12)—which is insufficient as a matter of law—Plaintiffs do not allege or demonstrate anywhere in their Complaint or Opposition that they filed a proposed complaint with the Committee before filing the instant action. Their exhibits likewise fail to provide support for such a finding. Thus, Plaintiffs' claims fall short of the jurisdictional requirements of the MMA, and this Court therefore lacks subject matter jurisdiction over Plaintiffs' medical malpractice claims against Local Defendants.

Plaintiffs cite to *Daley-Jeffers v. Graham*, 69 V.I. 931, for the proposition that "[n]owhere does the statute state that pleading compliance with the requirements of section 166i is a precursor

to invoking the subject matter jurisdiction of the Superior Court." *Id.* at 938, Dkt. No. 29 at 3. But Plaintiffs' citation to *Daley-Jeffers* lacks context. The case involved the Superior Court's dismissal of a complaint for failure to allege compliance with the MMA although the plaintiff filed exhibits with her opposition to the motion to dismiss that "clearly demonstrate[d] that Daley-Jeffers filed a proposed complaint with the Committee, satisfying the first condition of section 166i." *Id.* at 939. The Supreme Court of the Virgin Islands reversed the dismissal and explained that, although the plaintiff failed to allege in her complaint that she met the requirements of the MMA, the record sufficiently demonstrated that the court had subject matter jurisdiction over the matter. *Id.* That is not the case here, where—except for Plaintiffs' improper conflation of the requirements of the MMA and the VITCA—Plaintiffs' exclusive focus in its Opposition is on its purported compliance with the VITCA. Thus, Plaintiffs have not provided any evidence in the record that they meet the jurisdictional requirements of the MMA.

In view of Plaintiffs' noncompliance with the requirements of the MMA, the Court lacks subject matter jurisdiction over this matter. Accordingly, Plaintiffs' claims against Local Defendants Virgin Islands Hospitals and Health Facilities Corporation and Dr. Walter Pedersen will be dismissed for lack of subject matter jurisdiction.

### B. Virgin Islands Tort Claims Act

The Revised Organic Act grants sovereign immunity to the Government of the Virgin Islands for tort claims. Title 48 U.S.C. § 1541(b) ("That no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature constituted by this Act."). The Government of the Virgin Islands waived its sovereign immunity for tort claims under certain circumstances by enacting the VITCA. Title 33 V.I.C. § 3408(a) ("Subject to the provisions of section 3416 of this chapter, the

Government of the United States Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment, under circumstances where the Government of the United States Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.").

The VITCA lists several procedural requirements:

> "[A] claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim."

Title 33 V.I.C. § 3409(c). The VITCA further provides the requirements concerning the notice of intention:

> "The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General and a written receipt therefor shall be issued with the date of filing indicated thereon. The claim shall state the time when and the place where such claim arose, the nature of same, and items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified."

Title 33 V.I.C. § 3410.

Unlike with the MMA, the Supreme Court of the Virgin Islands has not yet determined whether the pre-filing requirements of the VITCA are jurisdictional. *See, e.g., Alexander v. Wilson*, 73 V.I. 528, 534 (V.I. 2020) ("It remains an issue of first impression in the Virgin Islands whether the pertinent provisions of the VITCA are jurisdictional, or claims-processing rules which may be waived."); *Fleming v. Cruz*, 62 V.I. 702, 718 n.13 (V.I. 2015) ("In this case, we do not decide

10

whether the VITCA's claim-filing requirements are jurisdictional . . . . We leave a decision on whether the VITCA's claim-filing mandates are jurisdictional for another day."). There are, however, some Superior Court cases that have so opined. *See Lynch v. Juan F. Luis Hosp. & Med. Ctr.*, No. SX-13-CV-403, 2018 V.I. LEXIS 25, at *6 (V.I. Super. Ct. Feb. 20, 2018) (stating that although the Virgin Islands Supreme Court has not spoken on the issue, "[t]he majority of courts in the Virgin Islands hold that the pre-filing requirements of the VITCA are jurisdictional."); *Hansen v. Governor Juan F. Luis Hosp. & Med. Ctr.*, No. SX-15-CV-509, 2018 V.I. LEXIS 87, at *16 n.20 (V.I. Super. Ct. June 22, 2018) (acknowledging that the Virgin Islands Supreme Court has not yet determined if the deadlines in the VITCA are jurisdictional, but nonetheless treating them as jurisdictional).

In any event, in *Richardson v. Knud Handsen Mem'l Hosp.*, 744 F.2d 1007 (3d Cir. 1984), the Third Circuit held that the pre-filing requirements under the VITCA are jurisdictional. *Id.* at 1010. The Third Circuit's ruling is binding on this Court. *See, e.g., Speaks v. Gov't of the Virgin Islands*, 2009 U.S. Dist. LEXIS 3565, at *16 (D.V.I. Jan. 14, 2009) ("Timely compliance with the VITCA's notice requirement is a jurisdictional prerequisite to bringing suit on a plaintiff's tort claims."); *Soto v. Philip Morris USA, Inc.*, No. 2021-0267, 2022 U.S. Dist. LEXIS 159535, at *21 n.6 (D.V.I. Sep. 4, 2022) ("this Court is bound by the Third Circuit's predictions of state law."); *Rivera v. Sharp*, No. 2008-0020, 2021 U.S. Dist. LEXIS 102613, at *49 (D.V.I. June 1, 2021) ("In the absence of a Virgin Islands Supreme Court ruling contradicting such an interpretation, this Court is bound by the direction of the Third Circuit.").

Here, Plaintiffs have failed to sufficiently allege that they satisfied the statutory pre-filing requirements under the VITCA. In this regard, the Complaint contains only the conclusory assertion that "Plaintiffs complied with all requirements of V.I. Code Ann., Tit. 33, §§3408-3416,"

11

which will not suffice. (Dkt. No. 1-2 at ¶ 11). *See Lewis v. V.I. Gov't Hosp. & Health Facilities Corp.*, 76 V.I. 145, 155 (V.I. Super. Ct. 2022) ("a single conclusory allegation that Plaintiff has complied with all the pre-filing jurisdictional requirements of the VITCA will not suffice."); *see also Hartlage v. Gorum*, No. SX-09-CV-232, 2018 V.I. LEXIS 22, at *8-9 (V.I. Super. Ct. Feb. 20, 2018) ("Plaintiff simply stated a single conclusory allegation in his complaint that he complied with the filing prerequisites of the VITCA. Consequently, this unsupported assertion, without more, is insufficient proof of compliance with the pre-filing requirements of the VITCA.").

Moreover, the Notices of Intent attached to Plaintiffs' Opposition do not cure the defect. First, Plaintiffs must demonstrate that they filed the Notices within ninety days of the accrual of their claim because it is Plaintiffs' burden to show that the Court has subject matter jurisdiction over their claims. *See Garland*, 270 F. App'x at 101; Title 33 V.I.C. § 3409(c). The Complaint alleges that after visiting FHC on three occasions for a wound that did not heal, on September 10, 2020, medical impressions offered at the Juan Luis Hospital indicated that gangrene had set into Plaintiff's wound and Dr. Pedersen operated on Plaintiff's foot on September 16, 2020. (Dkt. No. 1-2 at 5). Given that ninety days from the date of Plaintiff's September 16, 2020 operation was December 15, 2020, and the Notices are dated January 14, 2021, Plaintiffs have failed to show that the Notices were timely. This timeliness issue under the VITCA provides an additional reason— independent of Plaintiffs' noncompliance with the requirements of the MMA—why Plaintiffs' claims must be dismissed for lack of subject matter jurisdiction. *See Bonelli v. Gov't of the V.I.*, 67 V.I. 714, 726 (V.I. 2017) (affirming dismissal of VITCA claim because plaintiff did not file his claim or a notice of intention to file a claim within the ninety-day period, while declining to determine whether the VITCA deadline is jurisdictional); *Jeremiah v. V.I. Dep't of Human Servs.*, No. SX-2022-CV-148, 2023 V.I. LEXIS 23, at *25-26 (V.I. Super. Ct. June 15, 2023) (granting

Government's motion to dismiss for lack of subject matter jurisdiction because plaintiff failed to file a VITCA claim or a notice of her VITCA claim within 90 days of accrual).

Second, the Notices do not state the time when, and the place where, the claims arose. The Notices do not list any dates on which Plaintiff Steven Larson received care from Local Defendants. (Dkt. No. 29-1). Moreover, although the Notices state that Plaintiff received medical treatment from FHC, it does not mention that Plaintiff ever received treatment from Juan F. Luis Hospital or Doctor Walter Pedersen—the Virgin Islands Defendants that are relevant to the VITCA—so as to provide notice of the relevant place where Plaintiffs' claims accrued and to connect the Virgin Islands parties to the claims. Absent any details about the relevance of Plaintiffs' claims to the Virgin Islands Defendants, the Notices also fail to state the "nature" of the claims as required under the VITCA. Title 33 V.I.C. § 3410; s*ee Brunn v. Dowdye*, 59 V.I. 899, 910 (2013) (affirming denial of Plaintiff's VITCA claim because her notice "did not state a single action or omission by [the Government] that gave rise to this claim. At the very least, the notice must provide a description of the particular manner in which the [Government] was allegedly negligent.") (internal quotations omitted); *see also Poleon v. Gov't of the V.I.*, No. 2013-024, 2018 U.S. Dist. LEXIS 133534, at *35 (D.V.I. Aug. 8, 2018) (granting dismissal of VITCA claims where "the notice was deficient because it did not provide when, where and how the claims arose. There were no details from which the government officials could discern the nature of the claims in order to investigate and resolve them.").

For the foregoing reasons, Plaintiffs' claims against Local Defendants Virgin Islands Hospitals and Health Facilities Corporation and Dr. Walter Pedersen will be dismissed.

### C.  Plaintiff Debra Larson

Local Defendants argue for the first time in their Reply brief that Plaintiff Debra Larson must be dismissed as a party because she does not assert any claims in the Complaint and does not meet the statutory pre-filing procedures to confer jurisdiction over her claims. (Dkt. No. 30 at 4). Although Local Defendants raise these challenges with respect to Plaintiff Debra Larson for the first time in their Reply—and for that reason the Court would not normally consider them—the Court will nonetheless consider these challenges because it has an obligation, even *sua sponte*, to address the issue of subject matter jurisdiction. *M.N. v. Sparta Twp. Bd. of Educ.*, No. 21-19977, 2022 U.S. Dist. LEXIS 202120, at *16 n.8 (D.N.J. Nov. 7, 2022) ("Although the Court ordinarily declines to consider arguments raised for the first time in a reply brief, the Court addresses this argument because it has an obligation to address concerns of subject matter jurisdiction.").

Even assuming that the Notices satisfied the statutory pre-filing requirements under the VITCA—which, as discussed above, they do not—Plaintiff Debra Larson's name does not appear anywhere in the Notices, nor is there evidence in the record demonstrating that she filed separate notices pursuant to the VITCA. Thus, separate and apart from the foregoing reasons for dismissal of Plaintiffs' claims discussed in Sections II.A. and II.B., *supra*, Plaintiff Debra Larson has not demonstrated that she meets the notice requirements under the VITCA for this Court to have subject matter jurisdiction over her claims. Accordingly, Plaintiff Debra Larson's claims must be dismissed.

### D.  Leave to Amend

Although Plaintiffs have not requested leave to amend, the Court finds it appropriate to address it here. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it,

14

the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."). Pursuant to Fed. R. Civ. P. 15(a), courts should "freely" give leave to amend complaints when justice requires. *In re Burlington Coat Factory*, 114 F.3d at 1434. Leave to amend should be "freely given," because "[a]llowing amendments to correct errors in existing pleadings furthers the objectives of the federal rules that cases should be determined on their merits." *Ali v. Intertek Testing Servs. Caleb Brett*, 332 F. Supp. 2d 827, 829 (D.V.I. 2004) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1474 (1990)). However, leave to amend should be denied when there exists evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, leave to amend will be denied. First, any attempt to amend by Plaintiff Debra Larson would be futile because she failed to file either a claim or a notice of intention to file a claim within ninety days of the accrual of the action pursuant to the jurisdictional prerequisites of the VITCA. Similarly, any attempt to amend by Plaintiff Steven Larson or by Plaintiffs collectively would also be futile because the Notices fail to identify any claims to be filed against Local Defendants to which the VITCA applies. These deficiencies cannot be rectified because the ninety-day window following the accrual of the claims, within which the Notices must be filed has long since expired. Further, as discussed in Section II.A, *supra*, Plaintiffs have provided no support in the record to counter Local Defendants' contention that Plaintiffs did not meet the jurisdictional prerequisites of the MMA by filing a proposed complaint with the Medical Malpractice Action Review Committee before bringing this action. *See* V.I. Code Ann. tit. 27, § 166i. For these independent

15

reasons, an amended complaint would be futile because it would not survive another motion to dismiss. *Manning v. Haggerty*, No. 3:11cv302, 2011 U.S. Dist. LEXIS 110709, at *14 (M.D. Pa. Sep. 28, 2011) ("An amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss."); *see also Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."). Accordingly, the Court will deny leave to amend the Complaint and dismiss Plaintiffs' claims against Local Defendants Virgin Islands Hospitals and Health Facilities Corporation and Dr. Walter Pedersen with prejudice.

## III.   CONCLUSION

In view of the foregoing, the Court will dismiss Plaintiffs' claims against Local Defendants Virgin Islands Hospitals and Health Facilities Corporation and Dr. Walter Pedersen. Because the Court finds that amendment would be futile, the Court will dismiss the claims with prejudice.

An appropriate Order accompanies this Memorandum Opinion.

Date:   September 8, 2023                              _____/s/_____
                                                      WILMA A. LEWIS
                                                      District Judge

16