DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| STEVEN LARSON and DEBRA LARSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 2022-0052 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Attorneys:**
**Ronald E. Russell, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiffs*

**Angela Tyson-Floyd, Esq.**
St. Croix, U.S.V.I.
**Kimberly L. Cole, Esq.**
St. Thomas, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Defendant United States of America's ("the Government") "Motion to Exclude Expert Testimony" (Dkt. No. 66); the Government's Memorandum in support thereof (Dkt. No. 67); Plaintiffs Steven Larson and Debra Larson's ("Plaintiffs") Opposition thereto (Dkt. No. 68); and the Government's Reply (Dkt. No. 69). For the reasons discussed below, the Court will (1) deny without prejudice the Government's "Motion to Exclude Expert Testimony" (Dkt. No. 66); (2) require Plaintiffs to correct their deficient Rule 26 disclosure involving the testimony of Dr. Walter Pedersen ("Dr. Pedersen"); (3) allow the Government to depose Dr. Pedersen a second time; (4) require Plaintiffs to bear the reasonable

costs incurred by the Government in taking the second deposition of Dr. Pedersen; and (5) set new deadlines. Further, in light of the Court's ruling and the bearing it has on other pending motions, the Court will deny without prejudice the Government's "Motion for Summary Judgment" (Dkt. No. 73) and Plaintiffs' "Motion for Date Certain for Trial" (Dkt. No. 84).

## I. BACKGROUND

According to Plaintiffs' allegations, Plaintiff Steven Larson ("Mr. Larson") experienced "sciatic nerve [pain]" for which he underwent back surgery in Florida. (Dkt. No. 1-2 at ¶¶ 13-14). After the surgery, he experienced "progressive numbness" in his leg. *Id*. at ¶ 15. Because of this numbness, Mr. Larson was not initially aware of a puncture wound in his foot from a sharp object. *Id.* at ¶ 16. Mr. Larson's foot became infected, at which point he visited Frederiksted Health Care, Inc. ("FHC"), where he was treated with antibiotics and sent home. *Id.* at ¶ 17-18. The infection persisted and Mr. Larson visited FHC on three additional occasions for treatment. *Id.* at 19. On each occasion, Mr. Larson's wound was cleaned and he was given antibiotics to address the infection and sent home. *Id.* at ¶ 20. Mr. Larson then visited Juan F. Luis Hospital for treatment, where his attending physician was Dr. Pedersen. *Id.* at ¶¶ 21, 23. While at Juan F. Luis Hospital, it was determined that gangrene had developed on the fifth metatarsal of Mr. Larson's foot, ultimately resulting in surgery performed by Dr. Pedersen and the amputation of Mr. Larson's toe. *Id.* at ¶¶ 22, 25, 32.

Mr. Larson asserts that FHC's, Juan F. Luis Hospital's, and Dr. Pedersen's respective treatment of his wound fell below the appropriate standard of care to address his medical condition. *Id.* at ¶¶ 27-29. Mr. Larson alleges that as a result of this negligent treatment, he "suffered amputation of his toe, severe and permanent impairment to ability to walk and complications yet to be determined." *Id.* at ¶¶ 32, 38, 41.

2

This action was initiated in the Superior Court of the Virgin Islands on July 28, 2022 against Dr. Pedersen, FHC, and Virgin Islands Hospitals & Health Facilities Corporation ("VIHHFC")—Juan F. Luis Hospital's parent company. *Id.* at 1. It was removed to this Court on October 7, 2022 (Dkt. No. 1 at 1), at which time the Government filed notice that, at the time of the acts alleged in the Complaint, FHC was a Public Health Service entity pursuant to 42 U.S.C. § 233 for purposes of the Federal Tort Claims Act, 28 U.S.C. 2671. (Dkt. No. 2 at 1). Accordingly, the Government substituted itself for FHC as a defendant in the lawsuit. *Id.* Following this substitution, the Defendants in this action were the Government, VIHHFC, and Dr. Pedersen.

On February 2, 2023, Defendants VIHHFC and Dr. Pedersen challenged the Court's subject-matter jurisdiction over the claims against them, asserting that Plaintiffs had failed to comply with the requirements set forth in the Virgin Islands Health Care Provider Malpractice Act ("MMA") and the Virgin Islands Tort Claims Act ("VITCA"). (Dkt. No 23 at 1). VIHHFC and Dr. Pedersen argued that the MMA requires Plaintiffs to file a proposed complaint with the Virgin Islands Office of the Commissioner of Health before filing a lawsuit, which Plaintiffs had failed to do. *Id.* at 3-4. VIHHFC and Dr. Pedersen asserted that absent such a filing, the Court lacked subject matter jurisdiction over the claims against them. *Id.* at 4-5. On September 8, 2023, the Court granted VIHHFC and Dr. Pedersen's motion to dismiss for lack of subject matter jurisdiction, and dismissed all claims against them with prejudice. (Dkt. Nos. 42 at 2, 43). This left the Government as the only Defendant in the case, with only the claims made against the Government pertaining to the medical treatment Mr. Larson received at FHC remaining. (Dkt. No. 42 at 2).

In accordance with the Court's Scheduling Order, the parties were required to complete factual discovery by August 31, 2023; Plaintiffs were required to name their experts and provide

3

"copies of their opinions, as provided in Fed. R. Civ. P. 26(a)(2)" by October 16, 2023; and Defendants were required to name their experts and provide copies of their opinions by December 1, 2023. (Dkt. No. 20 at 2). On October 17, 2023—one day after the deadline—Plaintiffs "nam[ed] Dr. Walter Pedersen[,] the treating physician[,] as plaintiffs' expert[,]" but provided no information as to the substance of his testimony. (Dkt. No. 53). The Government subsequently deposed Dr. Pedersen. (Dkt. No. 68 at 2; Dkt. No. 69 at 2). Then, on March 1, 2024 the Government filed a motion and accompanying memorandum to exclude the expert testimony of Dr. Pedersen, arguing that he was a "belatedly disclosed treating physician, named without any expert disclosures[.]" (Dkt. No. 66 at 1, 67).[1] The Government maintains that Dr. Pedersen should not be permitted to provide any expert testimony, including on the issue of causation. (Dkt. No. 67 at 4). Plaintiffs filed their Opposition to the Motion (Dkt. No. 68), and the Government filed its Reply (Dkt. No. 69). The issue of Dr. Pedersen's testimony is ripe for the Court's review.

## II. APPLICABLE LEGAL PRINCIPLES

Rule 702 of the Federal Rules of Evidence defines an expert witness as one who is qualified by "knowledge, skill, experience, training or education" to testify in the form of an opinion. Fed. R. Evid. 702. Rule 26 of the Federal Rules of Civil Procedure separates witnesses who present expert testimony pursuant to Rule 702 into two categories: "Witnesses Who Must Provide a Written Report[,]" and "Witnesses Who Do Not Provide a Written Report." Fed. R. Civ. P. 26(a)(2)(B), 26(a)(2)(C). If the expert witness is "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony[,]" the party for which they will testify must provide a written report, signed by

---

[1] In their Opposition, Plaintiffs refer to Dr. Pedersen as their "treating physician expert." *See, e.g.,* Dkt. No. 68 at 3.

4

the expert, containing a complete statement of all opinions the expert witness will express, the bases for these opinions, any summary exhibits to be used, the witness' qualifications, a list of other cases in which the witness has testified, and a statement of the compensation the witness is to be paid. Fed. R. Civ. P. 26(a)(2)(B). If the witness does not meet the criteria for the foregoing category, the party for which they will testify must provide a disclosure which states "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions" on which the witness will testify. Fed. R. Civ. P. 26(a)(2)(C). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

### III. DISCUSSION

#### A. Applicable Disclosure Requirements

In the Complaint, Dr. Pedersen is identified as Mr. Larson's treating physician. (Dkt. No. 1 at ¶¶ 23-25). As this Court has previously stated, "[t]reating physicians may testify as lay witnesses with regard to treatment and diagnosis . . . ." *Washington v. HOVENSA*, LLC, No. CIV.A. 06-97, 2011 WL 6965855, at *1 (D.V.I. Dec. 13, 2011) (internal citations omitted).

However, the testimony Plaintiffs propose Dr. Pedersen will give appears to go farther. Plaintiffs assert that Dr. Pedersen testified at his deposition as to what the medical staff at FHC "should have done[,]" and that he questioned the qualification level of the medical professionals who treated Mr. Larson at FHC. (*See* Dkt. No. 82 at 4). This testimony, Plaintiffs argue, is evidence from which "a reasonable jury could find that FHC's lack of care *caused* Mr. Larson to lose his toe." *Id*. at 5 (emphasis added). Further, Dr. Pedersen has been identified by Plaintiffs as an expert on multiple occasions. (*See, e.g.*, Dkt. No. 53 at 1; Dkt. No. 68 at 2, 3).

5

This Court has previously found that treating physicians may *not* testify as lay witnesses "as to causation unless the connection is a kind which would be obvious to laymen, such as a broken leg from being struck by an automobile." *Washington* 2011 WL 6965855 at 1; *see also Pease v. Lycoming Engines*, No. 4:10-CV-00843, 2012 U.S. Dist. LEXIS 6354, at *40 (M.D. Pa. Jan. 19, 2012) (internal citations omitted) ("the [Plaintiffs] state that they may call the disclosed treating physicians to testify to [a Plaintiff's] diagnoses and prognosis, as well as causation . . . The court finds that the treating physicians' testimony on prognosis and causation will inherently be based on scientific, technical, or other specialized knowledge within the scope of Rule 702."); *Longo v. Hanger Prosthetics & Orthotics, Inc.*, No. 3:12-cv-02445, 2015 U.S. Dist. LEXIS 25420, at *8-9 (M.D. Pa. Mar. 3, 2015) (holding that Plaintiffs' treating physicians identified as expert witnesses and testifying "to various issues including prognosis and causation, medical procedures taken, and rehabilitation following amputation . . . fall under the rubric of expert witnesses."). As it appears that Dr. Pedersen is crossing the line into causation testimony, he will be providing expert testimony pursuant to Federal Rule of Evidence 702. Therefore, Dr. Pedersen is subject to the disclosure requirements of Federal Rule of Civil Procedure 26.[2]

Whether Dr. Pedersen is a "Witness[] Who Must Provide a Written Report" pursuant to Fed. R. Civ. P. 26(a)(2)(B) or a "Witness[] Who Do[es] Not Provide a Written Report" pursuant to Fed. R. Civ. P. 26(a)(2)(C) is less clear due to the absence of a full record on the bases for his opinions. As previously stated, an expert witness must provide a written report if the witness is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony[.]" Fed. R. Civ. P. 26(a)(2)(B). Dr.

---

[2] Plaintiffs' arguments as to the disclosure requirements applying to Dr. Pedersen do not take note of the distinction between treating physician as lay witness and treating physician as expert witness. (*See* Dkt. No. 68 at 5).

6

Pedersen is an employee of Juan F. Luis Hospital. (Dkt. No. 1-2 at ¶ 23). All claims relating to Juan F. Luis Hospital's parent company, VIHHFC, have been dismissed from this lawsuit. (Dkt. Nos. 42 at 2, 43). Therefore, Dr. Pedersen cannot—even by extension—be deemed to be an employee of one of the parties in the instant matter, meaning he cannot be classified as a "party's employee [whose duties] regularly involve giving expert testimony[.]" Fed. R. Civ. P. 26(a)(2)(B).

However, Dr. Pedersen may still be a "Witness[] Who Must Provide a Written Report" pursuant to Fed. R. Civ. P. 26(a)(2)(B) if he has been "retained or specially employed to provide expert testimony in the case" by Plaintiffs. "To determine whether a party retained or specially employed a treating physician to provide expert testimony, the relevant inquiry is whether the treating physician acquired his opinion as to the cause of the plaintiff's injuries directly through his treatment of the plaintiff." *Pease* 2012 U.S. Dist. LEXIS at *43; *citing Lauria v. Nat'l R.R. Passenger Corp.*, Civil Action No. 95-1561, 1997 U.S. Dist. LEXIS 3408 at *5 (E.D. Pa. 1997) (holding "when the doctor's opinion extends beyond the facts disclosed during care and treatment of the patient and the doctor is specifically retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)."); *see also Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869-70 (6th Cir. 2007)). If the "treating physician [witness] will testify based *only* on [the witness'] personal knowledge acquired through [the witness'] treatment of [Plaintiff, the witness is] not required to prepare expert reports pursuant to Rule 26(a)(2)(B)." *Pease*, 2012 U.S. Dist. LEXIS at *43 (emphasis added).

As previously noted, Dr. Pedersen was Mr. Larson's treating physician. (Dkt. No. 68 at 1). The record is not sufficiently developed, however, to make a definite determination as to whether Dr. Pedersen formed any causation opinion about which he will testify *solely* from information obtained while providing treatment to Mr. Larson. The question as to the source of the information

7

upon which Dr. Pedersen bases his opinion also necessarily applies to his opinion as to what the medical staff at FHC "should have done" (Dkt. No. 82 at 4) in caring for Mr. Larson.

If Dr. Pedersen has not been "specially employed" by Plaintiffs as an expert witness, he falls within the category detailed in Federal Rule of Civil Procedure 26(a)(2)(C). *See Pease*, 2012 U.S. Dist. LEXIS at *43 (holding that the party using expert testimony from a treating physician who was not specially employed to provide expert testimony must still provide the disclosure prescribed by Rule 26(a)(2)(C)). The Advisory Committee for the Federal Rules of Civil Procedure has noted that physicians frequently fall within this category. Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals . . . Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).").

Regardless of whether Dr. Pedersen is a "Witness[] Who Must Provide a Written Report" or a "Witness[] Who Do[es] Not Provide a Written Report[,]" Plaintiffs were required to provide written disclosure regarding his expert opinions beyond the single sentence identification given when noticing him as an expert on October 17, 2023. (Dkt. No. 53). If Dr. Pedersen was specially employed and is a "Witness[] Who Must Provide a Written Report[,]" then Fed. R. Civ. P. 26(a)(2)(B) mandates his disclosure must have been:

> accompanied by a written report—prepared and signed by the witness . . . The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years,

> the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id*. If Dr. Pedersen was not specially employed and is a "Witness[] Who Do[es] Not Provide a Written Report[,]" his disclosure must have stated "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i-ii). Under either set of requirements, Plaintiffs' "Notice of Treating Physician[,] as Expert," which reads only "COME NOW, the Plaintiffs, by and through the undersigned counsel, and files this notice to the court naming Dr. Walter Pedersen the treating physician as plaintiffs' expert" is woefully deficient. (Dkt. No. 53).

### B. Applicable Sanction for Improper Disclosure

The Third Circuit has instructed district courts to consider the following criteria in determining whether the exclusion of testimony is a proper sanction for improper disclosure: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified or the excluded evidence would have been offered; (2) the ability of that party to cure the prejudice; (3) the extent to which allowing such witnesses or evidence would disrupt the orderly and efficient trial of the case or of other cases in the court; (4) any bad faith or willfulness in failing to comply with the court's order; and (5) the importance of the excluded evidence." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977) (internal quotations omitted). "Rule 37(c) does not dictate exclusion in all cases . . . and where discovery violations have been found, a court may impose lesser sanctions that it finds in the exercise of discretion to be more suitable." *Amerco Real Est. Co. v. Appalachian Self-Storage, LLC*, No. 3:11-CV-1166, 2012 WL 3597189 at *11 (M.D.

9

Pa. Aug. 20, 2012). "The Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony." *ABB Air Preheater, Inc. v. Regenerative Env't Equip. Co.*, 167 F.R.D. 668, 671 (D.N.J. 1996) (citing, *e.g.*, *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791–92 (3d Cir. 1994); *Goodman v. Lukens*, 777 F.2d 113 (3d Cir. 1985); *Dudley v. South Jersey Metal, Inc.*, 555 F.2d 96, 99 (3d Cir. 1977)).

Although Plaintiffs' expert witness filing was one day late with an insufficient disclosure, and the Court is mindful of the fact that Plaintiffs have been repeatedly tardy with their filing, the Court finds that exclusion of Dr. Pedersen's testimony is not warranted under the circumstances here. In view of the Third Circuit's aversion to excluding testimony, and given that no trial date has yet been set, an accommodation can be made so as to provide an opportunity for Dr. Pedersen's deficient disclosure to be addressed, while leaving sufficient time for the Government to prepare its defense without disrupting the efficiency of a trial. Further, Plaintiffs have stated their belief that a more detailed disclosure was not necessary. (*See* Dkt. No. 68 at 4-6). Giving Plaintiffs the benefit of the doubt, that belief—albeit erroneous—does not appear to have been the product of bad faith. Finally, as Dr. Pedersen's testimony speaks to the critical issues of causation and standard of care, such testimony is central to Plaintiffs' case, thus weighing against exclusion. Taken together, these factors counsel against the exclusion of Dr. Pedersen's expert testimony at this time. Instead, the Court will require Plaintiffs to supplement Dr. Pedersen's expert disclosure to bring it into compliance with Rule 26; permit the Government to depose Dr. Pedersen a second time with the benefit of the additional disclosures; and set new deadlines for expert witness-related filings and departure motions.

Notwithstanding the Court's ruling in this regard, the Court cannot simply ignore Plaintiffs' failures here. Rule 37(c) of the Federal Rules of Civil Procedure provides potential sanctions for the failure to provide proper disclosure that may be used instead of the sanction of exclusion, including "payment of the reasonable expenses . . . caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). The Court deems it appropriate here to require Plaintiffs to bear the reasonable costs incurred by the Government in taking the second deposition of Dr. Pedersen.

### C. Effect of Dr. Pedersen's Testimony on other Pending Motions

There are two other pending motions in the instant matter that turn on the issue of Dr. Pedersen's potential testimony: the Government's "Motion for Summary Judgment" (Dkt. No. 73) and Plaintiffs' "Motion for Date Certain for Trial" (Dkt. No. 84). The Government's "Motion for Summary Judgment" (Dkt. No. 73) primarily turns on the Government's arguments that an expert opinion is required to prove causation in the instant matter; that Dr. Pedersen should be excluded from providing such an opinion as argued in the instant motion to exclude; and that Plaintiffs have not shown that Dr. Pedersen can provide testimony as to causation with a reasonable degree of medical certainty. However, in light of the Court's ruling herein, any potentially dispositive motion would have to take into account whatever additional evidence flows from the new disclosures and associated discovery. Accordingly, the Court will deny the Government's pending Motion for Summary Judgement without prejudice, thus allowing the Government the opportunity to refile a dispositive motion if the circumstances that present themselves at the conclusion of the additional discovery so warrant.

Further, given the need to resolve the discovery issues pertaining to Dr. Pedersen's testimony prior to trial, Plaintiffs' "Motion for Date Certain for Trial[,]" which asserts, *inter alia*,

that Plaintiffs are ready to proceed to trial because "plaintiff has identified an expert on the issue of liability[,]" will also be denied without prejudice. (Dkt. No. 84 at 1).

## CONCLUSION

In view of the foregoing, the Court will deny the Government's "Motion to Exclude Expert Testimony" (Dkt. No. 66) without prejudice; order Plaintiffs to provide additional disclosure regarding the testimony of Dr. Pedersen to cure the deficiency of their October 17, 2023 disclosure (Dkt. No. 53); allow the Government to take a second deposition of Dr. Pedersen; order Plaintiffs to bear the reasonable costs incurred by the Government in taking the second deposition of Dr. Pedersen; and set a new schedule for expert-witness related filings and dispositive motions. The Court will also deny without prejudice the Government's "Motion for Summary Judgment" (Dkt. No. 73) and Plaintiffs' "Motion for Date Certain for Trial" (Dkt. No. 84).

An appropriate Order accompanies this Memorandum Opinion.

Date:   April 4, 2025

_____/s/_____
WILMA A. LEWIS
Senior District Judge