**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **STEVEN LARSON and DEBRA LARSON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:22-cv-00052** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER AND JUDGMENT**

**THIS MATTER** is before the Court upon the briefing of the parties pursuant to the Court's Order (Dkt. No. 115), entered April 7, 2026, regarding the viability of this proceeding given the preclusion of Plaintiff's expert witness. *See* Plaintiffs' Brief on the Issue of Expert Testimony of Plaintiff's Treating Physician (Dkt. Nos. 117 and 119) and Defendants' [sic] Brief Regarding Viability of Plaintiff's [sic] Claims Given Preclusion of Plaintiff's [sic] Expert Witness (Dkt. No. 118).[1] Having reviewed the written submissions of the parties, as well as the complete record in this matter, and upon due consideration thereof, the Court finds that, in the absence of an expert witness regarding causation, Plaintiff cannot prove their claims of negligence.

It is well established that, the "foundational elements of a negligence cause of action are: (1) a legal duty of care to the plaintiff; (2) defendant's breach of that duty of care; (3) factual and legal causation; and (4) damages." *Aubain v. Kazi Foods of the V.I., Inc.*, 70 V.I. 943, 948-949 (V.I. 2019) (citing *Coastal Air Transp. v. Royer*, 64 V.I. 645, 651 (V.I. 2016)). Here, the element of causation is at issue because the Court has precluded Plaintiffs' treating physician from providing expert testimony regarding causation. *See* Order (Dkt. No. 108), entered February 24, 2026.

Plaintiffs contend that as a treating physician, Dr. Pedersen is "permitted to testify about diagnosis, treatment decisions, observations, and medical causation if those opinions

[1] At the end of its brief, Defendant, United States of America, renews its motion for summary judgment. *See* Dkt. No. 118 at 5.

were formed during treatment, not for litigation," Plaintiffs' Brief on the Issue of Expert Testimony of Plaintiff's Treating Physician (Dkt. No. 117) at 9-10 (citing *Pease v. Lycoming Engines*, 2012 U.S. Dist. LEXIS 6354, *38 (M.D. Pa. Jan. 19, 2912)), and that he submitted a summary report compliant with Fed. R. Civ. P. 26(a)(2)(C). Dkt. No. 117 at 11. However, this argument overlooks the fact that the Court's February 24, 2026, Order specifically excludes Dr. Pedersen's expert testimony regarding causation because of the inadequacy of his report under Fed. R. Civ. P. 26(a)(2)(C). Plaintiffs present no other arguments regarding the viability of their case without any expert testimony regarding causation.

The Court agrees with Defendant that, in this medical malpractice case, expert testimony is required to show the essential negligence element of causation. While the Virgin Islands caselaw is sparse regarding the necessity of expert testimony to prove medical negligence, the Virgin Islands Supreme Court has acknowledged that "[a]lmost all medical cases require specialized knowledge and expert testimony . . . ." *Miller v. V.I. Wheel Estate, LLC*, 75 V.I. 331, 340 (V.I. 2021) (citing *In re Lipitor*, 227 F. Supp. 3d 452, 469-77 (D.S.C. 2017) (collecting cases), *aff'd*, 892 F.3d 624 (4th Cir. 2018) ("While the specific language used by courts vary to some degree, all jurisdictions require expert testimony at least where the issues are medically complex and outside common knowledge and lay experience.")). The only instance where "the medical malpractice plaintiff need not prove negligence through expert testimony [is] where the breach of the standard of care and the cause of injury are obvious and allow for no alternative finding." *Petrus v. United States*, Civil Action No. 16-53, 2023 U.S. Dist. LEXIS 148693, at *4 (DV.I. Aug. 24, 2023) (citation omitted). Plaintiff Steven Larson's claims that his alleged injuries were the result of medical treatment and care that fell below the standard of care for his condition require expert testimony – the issues presented fall outside common knowledge and experience.

Further, in this jurisdiction, "medical expert witnesses are required to testify with a reasonable degree of medical certainty. . . . [T]he testimony should be unequivocal, rather than speculative." *Turbe v. Robert A. Lynch Trucking*, 41 V.I. 146, 151 (Terr. Ct. 1998) (citing *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 751 (3d Cir. 1994)). As Defendants note, Dr. Pedersen testified during his deposition that "he did not review medical records or

testing done at the Frederiksted Health Center ('FHC'), and could only make assumptions that if he had seen Plaintiff earlier he would have avoided surgery or have a better outcome, because he did not know Mr. Larsen's condition when he first sought treatment." Defendants' [sic] Brief Regarding Viability of Plaintiff's [sic] Claims Given Preclusion of Plaintiff's [sic] Expert Witness (Dkt. No. 118) at 4-5. Thus, even if Dr. Pedersen was allowed to testify about his opinions formed during his treatment of Plaintiff Steven Larson, any opinion regarding causation would be speculative and not with a reasonable degree of medical certainty.

Based upon the foregoing, the Court finds that, in the absence of expert testimony regarding causation, Plaintiffs cannot present sufficient evidence to prove an essential element of their negligence claims as contained in their Complaint, and, consequently, their claims fail. Therefore, the Court will grant Defendant's renewed motion for summary judgment.

Accordingly, it is hereby

**ORDERED** that Defendant's renewed summary judgment as contained in its Brief Regarding Viability of Plaintiff's [sic] Claims Given Preclusion of Plaintiff's [sic] Expert Witness, Dkt. No. 118, is **GRANTED**; it is further

**ORDERED, ADJUDGED, and DECREED** that **JUDGMENT** is entered in favor of Defendant, United States of America, and against Plaintiffs, Steven Larson and Debra Larson; it is further

**ORDERED, ADJUDGED, AND DECREED** that the Complaint, Dkt. No. 1-2, is **DISMISSED with prejudice**; it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

**Date:** November 10, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**